UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ROBERTS,<br><br>    Plaintiff,<br><br>v.<br><br>SALINAS VALLEY STATE PRISON,<br><br>    Defendant. | Case No. 25-cv-02422 BLF (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, a state prisoner, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against Salinas Valley State Prison, where he is currently confined. Dkt. No. 1.[1] Plaintiff's motions for leave to proceed *in forma pauperis* will be addressed in a separate order.

**DISCUSSION**

I. **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a

---

[1] This matter was reassigned to the undersigned on April 16, 2025. Dkt. No. 7.

governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## II.   Plaintiff's Claims

Plaintiff alleges the following: "When I arrived here [SVSP] on the yard, 'Sargeants' and 'Lieutenants' didn't want to find me a cell, so they made me sleep in a 'ASU clinic' with no mattress, water, bathroom…." Dkt. No. 1 at 2. He seeks damages. *Id.* at 3. It appears that Plaintiff may not have exhausted administrative remedies before filing this action. *Id.* at 1-2.

Liberally construed, Plaintiff appears to be attempting to state an Eighth Amendment regarding conditions of confinement. The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993). The Amendment imposes duties on prison officials who must provide all prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care and personal safety. *See Farmer*, 511 U.S. at 832; *DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 199-200 (1989); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982).

A prison official violates the Eighth Amendment when two requirements are met:

(1) the deprivation alleged must be, objectively, sufficiently serious, *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently culpable state of mind, *id.* (citing *Wilson*, 501 U.S. at 297).

In determining whether a deprivation of a basic necessity is sufficiently serious to satisfy the objective component of an Eighth Amendment claim, a court must consider the circumstances, nature, and duration of the deprivation. The more basic the need, the shorter the time it can be withheld. *See Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). Substantial deprivations of shelter, food, drinking water or sanitation for four days, for example, are sufficiently serious to satisfy the objective component of an Eighth Amendment claim. *See id.* at 732-733.

The allegations are insufficient to state an Eighth Amendment claim. First of all, it is unclear whether the deprivation of the alleged necessities, i.e., mattress, water, and bathroom, was sufficiently serious to satisfy the first element for an Eighth Amendment claim. For example, Plaintiff does not explain when and for how long he was deprived of these necessities, e.g., whether it was for one night or for several days. The deprivation must be substantial rather than incidental to amount to an Eighth Amendment violation. *See, e.g., Johnson*, 217 F.3d at 732-733.

Furthermore, there are no factual allegations describing the specific acts or conduct of any specific state actor: "Sargeants" and "Lieutenants" generally is not sufficient. Nor does Plaintiff allege that these prison officials possessed a sufficiently culpable state of mind to satisfy the second element. *Farmer*, 511 U.S. at 834. Neither negligence nor gross negligence will constitute deliberate indifference. *See Farmer*, 511 U.S. at 835-37 & n.4; *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (establishing that deliberate indifference requires more than negligence). A prison official cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the standard for criminal recklessness is met, i.e., the official knows of and disregards an

3

excessive risk to inmate health or safety. *See Farmer*, 511 U.S. at 837. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *See id.*

Plaintiff shall be granted one opportunity to file an amended complaint that states a cognizable claim under § 1983. Plaintiff should keep the following principles in mind in preparing an amended complaint. Liability may be imposed on an individual defendant under § 1983 only if Plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *See Leer*, 844 F.2d at 633.

Plaintiff is also advised that he must exhaust administrative remedies before filing a claim in this Court. The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). An action must be dismissed unless the prisoner exhausted available administrative remedies <u>before</u> he filed suit. *See McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002); *see also Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006) (where administrative remedies not exhausted before prisoner sends complaint to court, action will be dismissed even if exhaustion is completed by time complaint actually filed by clerk).

///

///

**CONCLUSION**

For the reasons state above, the Court orders as follows:

1. The complaint is **DISMISSED with leave to amend**. Within **twenty-eight (28) days** from the date this order is filed, Plaintiff shall file an amended complaint using the court's form complaint to correct the deficiencies described above. The amended complaint must include the caption and civil case number used in this order, *i.e.*, Case No. C 25-cv-02422 BLF (PR), and the words "AMENDED COMPLAINT" on the first page. Plaintiff must answer all the questions on the form in order for the action to proceed. Plaintiff is reminded that the amended complaint supersedes the original, and Plaintiff may not make references to the original complaint. Claims not included in the amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

2. **Failure to respond in accordance with this order by filing an amended complaint or notice in the time provided will result in the dismissal of this action with prejudice for failure to state a claim for relief without further notice to Plaintiff.**

3. The Clerk shall include two copies of the court's complaint with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated: __August 5, 2025_____

_____
BETH LABSON FREEMAN
United States District Judge

Order of Dism. w/LTA
P:\PRO-SE\BLF\CR.24\02422Roberts_dwlta